UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-1115-AB-ADS | Date: | March 19, 2026 |

| | |
|---|---|
| Title: | *Jesus Manuel Mendoza Leon v. Todd Lyons et. al.* |

Present: The Honorable    **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 2]**

On March 10, 2026 Petitioner Jesus Manuel Mendoza Leon ("Petitioner") filed an *ex parte* application for a temporary restraining order. TRO Appl., Dkt. No. 2. Respondents Acting Director of U.S. Immigration and Customs Enforcement Todd Lyons, Attorney General Pam Bondi, Secretary of the Department of Homeland Security and the Facility Administrator for the Desert View Facility CoreCivic (collectively, "Respondents") filed no response or opposition. For the reasons set forth below, Petitioner's TRO Application is **GRANTED IN PART AND DENIED IN PART**.

Petitioner initiated this action through a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. "Habeas Pet.," Dkt. No. 1. Petitioner alleges that he was arrested by Immigration and Customs Enforcement ("ICE") on January 17, 2026 while he was working as a street vendor selling home-made burritos near the corner of Vermont Avenue and the 405 Freeway. He refused to speak with ICE agents,

stating that he was exercising his Fifth Amendment right. He has been detained since January 17, 2026.

Petitioner received a bond hearing and was subsequently denied bond. He has another hearing scheduled before an Immigration Judge on April 8, 2026. Petitioner filed the present action requesting a court order (1) requiring Respondents not to remove, deport, or transfer Petitioner outside the jurisdiction of the Central District of California; and (2) a stay of all removal orders and deportation proceedings while this litigation is pending.

To obtain a TRO, Petitioner must show the four *Winter* factors, or that (1) he is likely to succeed on the merits of his claims, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Stromans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

A TRO is a kind of ex parte application, so the moving party must "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words . . . the moving party [must show why it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995) (explaining that the applicant for ex parte relief must demonstrate urgency and that it is without fault in creating the urgency).

Petitioner has failed to meet the first factor, or a likelihood of success on the merits. He claims that his arrest was unconstitutional and unlawful. He argues that he is likely to succeed on his claims that his arrest penalized him for exercising his Fifth Amendment right and that he received an inadequate bond hearing. However, for both claims, he does not provide sufficient legal or factual support to meet the high threshold to merit a temporary restraining order. He provides only brief conclusory legal allegations and minimal facts in support of each claim. This is not sufficient to show a likelihood of success on the merits. For this reason, the Court finds he has not met his burden for a temporary restraining order.

However, in light of the irreparable harm that will result if Petitioner is deported, the Court ORDERS Respondents to not remove, deport, or transfer Petitioner outside the jurisdiction of the Central District of California without further order of the Court and pending final resolution of this litigation. The Court DENIES all other relief requested in the TRO Application.

CV-90 (12/02)                         **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EVC</u>

2

**IT IS SO ORDERED.**

CV-90 (12/02)                     **CIVIL MINUTES – GENERAL**                     Initials of Deputy Clerk <u>EVC</u>